Ducker, Judge:
The claimant, The City of Morgantown, West Virginia, claims $40,886.22 from the Board of Governors of West Virginia University as allegedly an agency of the State of West Virginia on account of unpaid fire protection service fees for the fiscal year 1966-1967, one-half of which was due November 1,1966 and one-half May 1, 1967. The unpaid charges represented amounts which the Council of the City of Morgantown, as previously constituted, voted to credit to the University on total charges of $52,945.11 and $52,943.11 respectively for the two halves of such charges or assessments. The present council alleges that the former council had no authority to authorize such credits and claims that the amount of such credits is still due. The facts are stipulated by the parties as true; the validity of the claim is solely one of law.
The position is taken by the claimant that if the respondent could be given credit on its fire protection service fee as was done in this instance, it would amount to a discrimination in favor of the University and that such action would result in *175 the necessity to grant exceptions to literary, scientific, religious and charitable property as well as other State and Federal property, all of which are not exempt under the terms of the ordinance of the City of Morgantown. The authority of the City to adopt the ordinance relating to the fire service fee is contained in Chapter 8, Article 4, Section 20 of the Code of West Virginia, and no such exemptions are specified in the Statute, and no authority is cited upholding such an exemption. The action of the City Council as formerly constituted could, in view of the uniformity required under Section 9 of Article 10 of the Constitution, possibly be questioned as not meeting the uniformity.
As our decision herein must be determined on the jurisdictional ground hereinafter specified, this Court should not, and does not, decide the question of the validity or invalidity of the action of the Morgantown City Council or any consequent alleged liability on the part of the Board of Governors of West Virginia for the claim herein made.
As first shown, this claim is one against the Board of Governors of West Virginia University as an “agency” of the State of West Virginia within the meaning of the statute conferring jurisdiction on this Court. Counsel have not argued the question whether the University Board is or is not such an agency as gives this Court jurisdiction, but the Court considers that question as controlling.
Chapter 14, Article 2, Section 3 of the Code of West Virginia, provides that:
“ ‘State agency’ means a state department board, commission, institution, or other administrative agency of state government: provided, that a ‘state agency’ shall not be considered to include county courts, county boards of education, municipalities, or any other political or local subdivision of the state regardless of any state aid that might be provided.”
And in Section 13 of the same Article and Chapter the jurisdiction of the Court includes,
“1. Claims and demands, liquidated and unliqui-dated, ex contractu and ex delicto, against the state or any of its agencies, which the state as a sovereign commonwealth should in equity and good conscience discharge and pay.”
*176 The Board of Governors of West Virginia University is according to Chapter 18, Article 11, Section 1 of the Code of West Virginia, “a corporation, and as such may contract and be contracted with, sue and be sued, plead and be impleaded with, and have and use a common seal,” and according to Section la of that same Article and Chapter the control of the financial, business and all other affairs of the University, including the title to all property, were transferred from the State Board of Control to the Board of Governors of the University.
The Claimant here evidently assumes that the constitutional immunity contained in Article VI, Section 35 of the Constitution of West Virginia to the effect that the State cannot be made a party defendant in any of the courts of this state prevents legal proceedings in the regular courts and that, as a consequence, this Court has jurisdiction of this matter. That assumption or conclusion would be correct if the Board of Governors of West Virginia University is truly an agent within the meaning of the above-quoted statutes defining the jurisdiction of this Court.
The State has yielded its sovereignty in many areas where it has established corporate municipalities, corporate organizations and other institutions which have the right to enact laws, levy taxes and fees and otherwise act independently of state control. County boards of education and municipalities are expressly excluded as a state agency under Chapter 14, Article 2, Section 3 above quoted. So there remains the question as to whether the term “state agency” includes a separate corporate entity such as West Virginia University. West Virginia University is not similar to the Road Commission or the Welfare Department where all governmental power remains in the State. Incorporated municipalities and county courts have independent jurisdiction in many respects and are not dependent on the Legislature for their financial support. The Board of Governors of West Virginia is dependent upon the State for its support but it does make its own contracts, controls all its own dispersal of funds and enforces its own rules except criminal laws. The fact that it obtains much financial support from the State does not negate its authority under its charter. The State cannot make the University’s contracts, cannot sue for it and cannot control the University’s affairs, except to.give *177 or not give it funds for its operation. Like cities and counties, a plea of immunity from liability might be available to it when damages are inflicted on others in cases where there has been an exercise of a governmental as distinguished from a proprietary function. Such right to defend and escape liability by invoking the doctrine of immunity because of such exercise by a city or county or by the University does not of itself make such city, county or University an agency of the State. If that were the case, every legal action against any city or other state incorporated body in which there is sustained a governmental function plea of immunity from liability would come within the jurisdiction of this court under the agency theory. We cannot conclude that there was any such intention on the part of the Legislature in its enactment of the jurisdictional provisions of this Court, for otherwise there would be no limitation on the powers of this Court, and the number of such cases would be unlimited.
Furthermore, it is not, we think, unreasonable to conclude that if the State has yielded its sovereignty to cities, universities and other public corporations, and such corporations can sue and be sued, it is no longer a matter for the State to waive its constitutional immunity from liability on account of the acts or failures of such corporations, and therefore it is only a question of the conscience of the city or other public corporation and not of the State, and it is only as to claims against the State that are to be determined by this Court.
The wording of the definition of “state agency” to the effect that such an agency means a state department, board, commission, or other administrative agency of the state government, clearly limits such an agency to one which is in the true sense an officer or servant of its master, the State, and not one which acts as an independent principal. While it is true there is an express exception of cases of municipalities, county boards of education and county courts from the jurisdiction of this Court, it seems to us that the expression of those organizations as exempt is not the exclusion from the exemption of other organizations which are self-operating. In other words, a corporate organization such as The Board of Governors of West Virginia University which functions entirely separately and independently of any control by the State, is not truly an “admini *178 strative” state agency, for whose liabilities this Court should determine whether in equity and good conscience the State should pay.
The decision of the Supreme Court of West Virginia in the case of Hope Natural Gas Company v. West Virginia Turnpike Commission, 143 W. Va. 913, 105 SE2d 630, is a case involving the principles here. There it was held that the Turnpike Commission, which had been given various powers including the right to sue and be sued and the right of condemnaton, was a creature of the State and not such an agent of the State, even though declared in the Act to be an agent of the State, as was entitled to constitutional immunity from the payment of damages for a tort committed by it in the construction of the turnpike.
There are many commissions and authorities, for example the airport authorities, which are separate creatures of the state, with grants of power from the state, which surely are not “agents” of the state. If these authorities or commissions do not have the benefit of the constitutional immunity of the state, we do not see where this Court has authority to hold that the State has a moral obligation to pay for misdeeds or contracts based upon the acts and obligations of such commissions or public corporations, and providing for payments therefor wholly from the State funds and not from the funds of such independent corporate entity.
For the reasons herein expressed, we are of the opinion to, and do hereby disallow and dismiss the claim made herein.
Claim Disallowed and Dismissed.